```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


ROGER PAUL COTE,                   :
                                   :
        Petitioner,                :
                                   :              PRISONER
     v.                            :     Case No. 3:11cv1767 (RNC)
                                   :
WARDEN M. RINALDI, et al.,         :
                                   :
        Respondents.               :
```

RULING ON RESPONDENTS' SECOND MOTION TO DISMISS [Doc. #23]

Petitioner, a state prisoner proceeding pro se, filed his first federal habeas petition pursuant to 28 U.S.C. § 2254 on November 14, 2011, challenging his state court convictions for assault in the second degree, threatening and unlawful restraint in the first degree.  Respondents filed a motion to dismiss on the ground that petitioner failed to exhaust state court remedies on some of the claims raised in the petition.  In response, petitioner amended his petition to remove the unexhausted claims and the Court issued an order (Doc. #20) denying respondents' motion to dismiss as moot.

Respondents filed a second motion to dismiss, arguing that while the petitioner had removed certain unexhausted claims from his amended petition, he had also added new ones, resulting in a "mixed" petition.  Petitioner then filed a second amended petition (Doc. #24), withdrawing all the unexhausted claims specified by respondents in their

motion to dismiss and replacing his entire petition with an exact copy of his 2009 state habeas petition, denied by the Connecticut trial court in Cote v. Warden, 2010 WL 3448199, at *1 (Conn. Super. Jan. 7, 2010) and exhausted on direct appeal.

Treating petitioner's second amended petition as a motion for leave to amend, the interests of justice are best served by granting the motion and allowing the pro se petitioner to withdraw his unexhausted claims and substitute his state habeas petition in their place.  As amended, all claims in the petition now satisfy the exhaustion requirements of § 2254.  Accordingly, the second motion to dismiss for failure to exhaust is hereby denied.  Respondents are directed to file a response to the second amended petition on or before December 6, 2012.

So ordered this 6th day of November 2012.

/s/ RNC
Robert N. Chatigny
United States District Judge