```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

ROGER P. COTE                   :
                                :              PRISONER
V.                              :   Case No. 3:11cv1767(RNC)
                                :
MONICA RINALDI, et al.          :
```

RULING ON SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Petitioner brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions for assault, threatening, unlawful restraint and violation of a protective order.  Petitioner claims that his trial and appellate counsel were ineffective, the prosecutor committed misconduct and he is actually innocent.  These same claims were rejected by a state habeas judge following an evidentiary hearing.  Petitioner has not shown that the state court's adjudication of his claims was contrary to, or involved an unreasonable application of, clearly established federal law.  Nor has he shown that the state court's decision was based on an unreasonable determination of the facts.  Accordingly, the petition is denied.

I.   Standard of Review

Section 2254(a) authorizes a federal court to consider a habeas petition filed by a prisoner who alleges that he is in state custody in violation of the Constitution and laws of the United States.  A federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with

regard to any claim that has been rejected on the merits by the state court unless the adjudication of the claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard for evaluating state court rulings is highly deferential.  Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011).

Clearly established federal law is found in holdings of the Supreme Court.  See Carey v. Musladin, 549 U.S. 70, 74 (2006).  A decision is contrary to clearly established federal law when the state court applies a rule different from that set forth by the Supreme Court or decides a case differently than the Supreme Court on essentially the same facts.  Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court unreasonably applies Supreme Court law when the court correctly identifies the governing law but unreasonably applies that law to the facts of the case.  The state court decision must be more than incorrect; it must be objectively unreasonable, "a substantially higher threshold."  Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

Federal court review of a state court's ruling is limited to the record that was before the state court at the time it

adjudicated the claim on the merits.  See Cullen, 131 S. Ct. at 1398.  The federal court presumes that the factual determinations of the state court are correct.  The petitioner has the burden of rebutting this presumption by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).

II.  Procedural Background

Petitioner was charged with sexual assault and other crimes as a result of a complaint made by a former girlfriend with whom he shared an apartment.  Following a jury trial, petitioner was acquitted on the sexual assault charge but convicted of assault in the second degree, threatening in the second degree, unlawful restraint in the first degree and criminal violation of a protective order.  He was sentenced to a total effective term of imprisonment of twelve years followed by six years of special parole.  Petitioner also entered a guilty plea to a charge of being a persistent serious felony offender.  Petitioner appealed his conviction on speedy trial grounds.  The Connecticut Appellate Court affirmed the conviction and the Connecticut Supreme Court denied a petition for certification.

While the appeal was pending, petitioner filed a state habeas petition raising claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct and actual innocence.  The state habeas court conducted an evidentiary hearing at which testimony was provided by petitioner, members of

his family, his trial and appellate counsel, and the victim.  The state habeas court rejected each of the claims for reasons stated in a bench ruling.  See Cote v. Warden, No. CV074001793, 2010 WL 3448199 (Conn. Super. Jan. 7, 2010).  Petitioner's appeal was dismissed.  Cote v. Commissioner, 12 Conn. App. 903, cert. denied, 302 Conn. 923 (2011).[1]

III. Factual Background

On the direct appeal from the judgment of conviction, the Connecticut Appellate Court summarized the underlying facts as follows.  In November 2001, petitioner and the victim began a romantic relationship and he moved into her apartment.  The relationship between the two soon deteriorated.  By early December 2001, they were having verbal disputes that escalated into physical abuse.  The relationship ended in October 2002, but petitioner continued to live in the victim's apartment, where he slept on a couch.  See Cote, 129 Conn. App. at 844-45.

On December 23, 2002, at about 5:00 a.m., the victim was lying in bed when she heard the petitioner enter her bedroom and lock the door.  He accused her of being unfaithful and asked her to have sex with him.  The victim stated that she had to get up

---

[1] In August 2009, petitioner filed a motion seeking DNA testing of a knife he allegedly used in committing the crimes. The motion was denied and the denial was affirmed on appeal. See State v. Cote, No. CR02-117846-S, 2009 WL 5305079 (Conn. Super. Ct. Dec. 4, 2009), aff'd, 129 Conn. App. 842, cert. denied, 302 Conn. 922 (2011).

4

and go to work.  When she tried to get out of bed, petitioner pushed her down and held a knife to her throat, causing cuts on her neck.  The victim sustained a cut on her hand trying to push the knife away.  She did not scream or call for help because she feared for her life and the lives of her children who were sleeping nearby.  See id. at 845.  Petitioner grew tired and released the pressure on the knife.  He and the victim talked and cried until he fell asleep.  After he was asleep, the victim took the knife and left the room.  She took the children to her parents' home.  When the victim's father arrived home, she told him what had happened and they drove to the resident state trooper's office.  The trooper took the victim's statement, photographed her injuries and took possession of the knife.  Later that day, police arrested the petitioner at the victim's apartment.  See id. at 845-46.

IV.  Discussion

     Petitioner asserts the same four claims in this action that he presented in his state habeas petition: ineffective assistance of trial and appellate counsel, prosecutorial misconduct and actual innocence.  Each of these claims was adjudicated on the merits by the state habeas court in its bench ruling denying the habeas petition, Cote v. Warden, 2010 WL 3448199.  This court has reviewed the state court's ruling to determine whether it is contrary to, or involves an unreasonable application of, federal

law, or is based on an unreasonable determination of the facts. No such error can be found in the state court's ruling.

    A.   <u>Ineffective Assistance of Counsel</u>

Petitioner's claim that his trial counsel was ineffective encompasses the same list of allegations presented to the state habeas court in subparts (a) through (m) of the state habeas petition, as listed below, with one exception.[2] Specifically, petitioner alleges that his trial counsel failed to: (a) have petitioner's brother and mother testify at the criminal trial; (b) adequately investigate the chain of custody of the knife or interview witnesses to the assault; (c) explain to petitioner the elements of each criminal offense; (d) object to the prosecutor's introduction of only one of two written statements given by the victim; (e) adequately cross-examine the victim regarding inconsistencies in her two written statements and between her testimony and that of her father and son; (f) argue motions in limine and otherwise oppose the admission into evidence of petitioner's prior felonies and other misconduct; (g) object to remarks of the prosecutor during closing argument; (h) have the knife submitted for DNA testing; (j) file a motion to suppress regarding the knife; (k) review the presentence investigation report in preparation for sentencing; (l) advise petitioner

---

[2] The allegation in subpart (i) of the state habeas petition has been withdrawn. <u>See</u> ECF No. 24 at 3.

regarding his right to sentence review; and (m) assist petitioner in filing a petition for sentence review.  See ECF No. 24 at 2-3. Petitioner argues that his appellate counsel was ineffective in that she failed to assert claims of prosecutorial misconduct and actual innocence, failed to adequately review trial documents and transcripts and failed to review with him issues that had been preserved for appeal.  See id. at 5.

An ineffective assistance of counsel claim is analyzed using the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail, petitioner must demonstrate, first, that his counsel's conduct was below an objective standard of reasonableness established by prevailing professional norms and, second, that this deficient performance resulted in prejudice. Id. at 687-88.  Counsel is presumed to be competent and petitioner bears the burden of demonstrating unconstitutional representation.  See United States v. Cronic, 466 U.S. 648, 658 (1984).  To satisfy the prejudice prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"; the probability must "undermine confidence in the outcome" of the trial.  Strickland, 466 U.S. at 694.  The court evaluates counsel's conduct in light of the circumstances that existed when the challenged conduct occurred, not in hindsight, and affords substantial deference to counsel's

decisions.  See Rompilla v. Beard, 545 U.S. 374, 381 (2005).
Ultimately, the issue for this court to determine on federal
habeas review is "'not whether counsel's actions were
reasonable,'" but "'whether there is any reasonable argument that
counsel satisfied Strickland's deferential standard.'"  Premo v.
Moore, ___ U.S. ___, 131 S. Ct. 733, 740 (2011).

     With regard to petitioner's claim of ineffective assistance
of trial counsel, the state habeas court found that trial counsel
hired an investigator; explained to petitioner the elements of
each of the criminal charges in the case; decided not to call
petitioner's mother and brother as witnesses because in his
judgment their testimony would harm rather than help the defense;
refrained from objecting to the admission of only one of the
victim's two written statements as a matter of trial strategy;
vigorously cross-examined the victim regarding inconsistencies in
her statements and testimony; refrained from objecting to a
remark by the prosecutor during closing argument about blood
oozing from the victim's neck onto the knife because, although
the remark was not supported by evidence, an objection was not
necessary and could backfire; informed petitioner of his right to
sentence review; and would have assisted petitioner in seeking
such review if petitioner had expressed an interest in having him
do so.  In addition, the state habeas court found that petitioner
had failed to prove any prejudice resulting from the alleged

deficiencies in the performance of his trial counsel.

Regarding the claim of ineffective assistance of appellate counsel, the state habeas court credited the testimony of petitioner's appellate counsel that she reviewed the record for any potential error, discussed the case with petitioner, identified the speedy trial claim as the only one that might be successful on appeal, chose not to pursue a claim challenging the sufficiency of the evidence, and advanced the speedy trial claim in accordance with petitioner's wishes.  The habeas court was not persuaded that petitioner's appellate counsel should have raised other claims on appeal, and specifically found that the evidence did not support a claim of actual innocence.  Summarizing its view of the case, the court stated that "each attorney was diligent, conscientious, and professional, and not deficient in the course of their employ."

The state court's adjudication of petitioner's ineffective assistance of counsel claims reflects a reasoned application of the <u>Strickland</u> standard to findings of fact made by the court following an adequate evidentiary hearing.  In essence, the state habeas court credited the testimony of petitioner's trial and appellate counsel and the victim, and declined to credit the testimony opposed to it.  Petitioner has not shown that the state court's findings of fact based on its assessment of the witnesses' testimony are incorrect.  Given the state court's

9

findings of fact, the court's rejection of the ineffective assistance of counsel claims does not constitute an unreasonable application of Strickland's deferential standard.  Accordingly, petitioner is not entitled to federal habeas relief based on his ineffective assistance of counsel claims.

      B.    Prosecutorial Misconduct

In his second ground for relief, petitioner argues that the prosecutor engaged in misconduct by improperly stating during closing argument that blood oozed from the victim's neck onto petitioner's knife and by offering into evidence only one of two written statements given by the victim.  See ECF No. 24 at 4.  Prosecutorial misconduct does not provide a basis for habeas relief unless it so infected the trial with unfairness as to make the resulting conviction a denial of due process.  See Darden v. Wainwright, 477 U.S. 168, 181 (1986); Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974).  Petitioner must identify specific instances of "egregious misconduct," Donnelly, 416 U.S. at 647-48, that show he was substantially prejudiced.  See United States v. Thomas, 377 F.3d 232, 244 (2d Cir. 2004).  In evaluating a claim of prosecutorial misconduct, a court considers "the severity of the misconduct, the measures adopted to cure it, and the certainty of conviction in the absence of the misconduct."  United States v. Shareef, 190 F.3d 71, 78 (2d Cir. 1999) (citation omitted); see also United States v. Young, 470

U.S. 1, 12 (1985) (holding that the court must view prosecutorial misconduct in context and evaluate the probable effect of the remarks on the jury's ability to judge the evidence fairly).

The state habeas court found that the prosecutor's statement during closing argument about the victim's blood oozing onto the knife, although "a stretch - to say the least," did not rise to the level of harmful conduct that would have deprived the petitioner of his constitutional right to a fair trial. Cote v. Warden, 2010 WL 3448199, at *8. The court stated that the prosecutor's statement was not so egregious as to "invade the province of the jury and wrestle control over the jury's mind to substitute the prosecutor's judgment for that of the jury." Id. at *9. Regarding the statement of the victim that was not placed in evidence, the state habeas court noted that the statement alleged sexual assault, a charge on which the petitioner was found not guilty. See id. at *7. The state habeas court determined that drawing attention to the statement alleging sexual assault would have harmed, rather than helped, petitioner, and noted that the victim was cross-examined on the fact that she gave two statements to the police at different times. See id. After reviewing the entire record, the habeas court concluded that "the evidence was clearly sufficient to establish guilt." Id. at *6.

Petitioner has not shown that the state habeas court's

rejection of his prosecutorial misconduct claim was based on an unreasonable application of federal law or an unreasonable determination of the facts.  The state habeas court applied the correct standard and its conclusion is supported by the record.  Accordingly, petitioner is not entitled to federal habeas relief based on his claim of prosecutorial misconduct.

    C.    <u>Actual Innocence</u>

Finally, petitioner claims that he is actually innocent.  He states that he has newly discovered evidence, in the form of testimony of his mother and brother and DNA testing on the knife.  To prevail on a claim of actual innocence, petitioner must present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995) (explaining requirements to establish actual innocence to excuse procedural default).  He also "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  <u>Id.</u> at 327.  See <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 114 (2d Cir. 2000) (applying this standard when considering actual innocence claim as prerequisite to determination whether court should include actual innocence exception to AEDPA statute of limitations); <u>Rand v. Warden of Great Meadow Correctional Facility</u>, No. 10 CV 3290(RRM)(RML),

2012 WL 3704964, at *3 (E.D.N.Y. May 4, 2012) (applying <u>Schlup</u> standard to independent claim of actual innocence).

The state habeas court rejected petitioner's actual innocence claim because he presented no new evidence to justify a finding of actual innocence.  I agree.  The statements of petitioner's mother and brother, although not presented at trial, were known to trial counsel.  The state habeas court found that these statements - that the victim had admitted to the petitioner's family that she had lied in her trial testimony - "strain[ed] credulity."  <u>Cote v. Warden</u>, 2010 WL 3448199, at *6. The state judiciary has denied petitioner's motion for DNA testing of the knife, <u>see</u> <u>State v. Cote</u>, 129 Conn. App. 842 (2011), and he does not suggest that he has had the knife tested on his own.  Speculation about what DNA testing might show is insufficient to demonstrate that more likely than not no reasonable jury would convict the petitioner.  <u>See</u> <u>O'Boyle v. Ortiz</u>, 242 F. App'x 529, 531 (10th Cir. 2007) (applying <u>Schlup</u> and rejecting petitioner's claim of actual innocence predicated on what might be shown if testing were done on physical evidence).  Accordingly, petitioner is not entitled to federal habeas relief based on his claim of actual innocence.

V.   <u>Conclusion</u>

For the foregoing reasons, the second amended petition for a writ of habeas corpus (**ECF No. 24**) is hereby denied.  The Clerk

13

is directed to enter judgment in favor of the respondents and close this case.  The Court concludes that an appeal from this order would not be taken in good faith and thus a certificate of appealability will not issue.

So ordered this 7th day of June 2013.

                                        /s/RNC
                                Robert N. Chatigny
                     United States District Judge